**Doris ADCOX, Plaintiff,**

v.

**MEDTRONIC, INC., Defendant.**

**No. LR–C–96–333.**

United States District Court, E.D. Arkansas, Western Division.

Dec. 16, 1999.

R. Henry Hodges, Attorney at Law, Steven Eugene Cauley, Scott E. Poynter, Gina Michelle Cothern, Cauley, Geller, Bowman & Coates, L.L .P., Little Rock, for Doris Adcox, plaintiffs.

Fran Carleda Hickman, Friday, Eldredge & Clark, Little Rock, John C. Combe, Jr., Madeleine Fischer, Richard J. Tyler, Jones, Walker, Waechter, Poitevent, Carrere & Denegre L.L.P., New Orleans, LA, Ronald E. Cabaniss, Michael J. Wiggins, Sarah A. Long, Cabaniss, Conroy &

McDonald, LLP, Orlando, FL, for Medtronic Inc, defendants.

## ORDER

WILSON, District Judge.

This is a products liability case in which the plaintiff alleges that her pacemaker was defectively designed. Plaintiffs have requested the discovery of information contained in Medical Device Reports which were filed with the defendant by patients or their legal representatives, doctors, or device user facilities. The parties have submitted briefs concerning both discovery of mandatory medical device reports and requests for what has been referred to as "complaint files." The Court finds and orders as follows: (1) Discovery of complaints submitted directly by the patients or their legal representatives is permissible; (2) Voluntary (non-mandatory) reports submitted by doctors or device user facilities are not discoverable; and (3) Mandatory reports submitted by physicians or device user facilities are not discoverable.

## ANALYSIS

The Eighth Circuit has at least partially resolved this discovery question in *In re Medtronic, Inc.*, 184 F.3d 807, 1999 WL 529245 (8th Cir.), holding against:

divulgence of *any* information contained in or gleaned from *voluntarily* submitted MDRs [medical device reports] as such documents are defined in applicable statutes and regulations. And further prevents any discovery that requires reliance upon information contained in or gleaned from device user reports within the scope of 21 U.S.C. § 360i(b)(3). *In re Medtronic Inc.*, 184 F.3d 807, 1999 WL 529245, *4 (8th Cir.).(emphasis added).

This holding does not specifically address the question of what plaintiff calls "complaint files." In an effort to determine which reports fall within the scope of *Medtronic* and are, thus, not discoverable, the

Court will outline the different types of reports and determine whether each type is discoverable in the light of applicable statutes, regulations, and *Medtronic*.

The plaintiff's discovery request implicates three distinct kinds of reports:

(1) Reports made and submitted directly by patients or their legal representatives; these reports are not required by 21 U.S.C. § 360i(b)(1)(A) or (B) and are therefore *voluntary*. These documents, in redacted form, are discoverable because they are not the type of voluntary reports contemplated by the court in *Medtronic*.

(2) Reports made and submitted by doctors when there was no death, serious harm, or serious illness caused by or contributed to by the pacemaker. These reports are not mandatory under 21 U.S.C. §§ 360i(b)(1)(A) or (B), and are, therefore, *voluntary*. They are clearly not discoverable under *Medtronic* and 21 C.F.R. § 20.63(f).

(3) Reports made and submitted under 21 U.S.C. §§ 360i(b)(1)(A) and (B). These reports submitted by device user facilities [1], their employees, and physicians are *mandatory*. *Medtronic* prevents any use of these reports (in discovery or as evidence).

## REPORTS MADE AND SUBMITTED BY THE PATIENT OR HIS/HER LEGAL REPRESENTATIVE.

■ The voluntary reports made and submitted directly by the patients or their legal representatives are discoverable. These reports do not fall within the scope of *Medtronic, supra*. The first prong of *Medtronic* prevents "...divulgence of any information contained in or gleaned from voluntarily submitted MDRs [medical device reports] as such documents are defined in applicable statutes and regulations." This does not exclude all voluntarily submitted medical device

---

**1.** A "device user facility" means a hospital, ambulatory surgical facility, nursing home, or outpatient treatment facility which is not a physician's office. 21 U.S.C. § 360i(b)(6)(A).

reports, but only those which fit the definitions defined in applicable statutes and regulations. 21 C.F.R. § 20.63 defines the scope of discovery for some voluntarily submitted MDRs. An understanding of this regulation is critical when attempting to determine the boundaries of the Eighth Circuit's decision.

■ Title 21 C.F.R. § 20.63 has two primary purposes. First, its stated purpose is the prevention of an unwarranted invasions of privacy that might result if certain medical reports are disclosed. Second, this regulation is designed to prevent court ordered contact by the manufacturers with either the adverse event reporters (usually the doctor or device user facility) or with the parties identified (the patient) in the reports. But does this apply to all court-ordered contacts? The *Medtronic* holding recognizes no exception. The applicable portion of 21 C.F.R. § 20.63 reads:

> The names and any information that would identify the voluntary reporter or any other person associated with an adverse event involving a human drug, biologic, or medical device product shall not be disclosed by the Food and Drug Administration or by a manufacturer in possession of such reports in response to a request, demand, or order. Information that would identify the voluntary reporter or persons identified in the report includes, but is not limited to, the name, address, institution, or any other information that would lead to the identities of the reporter or persons identified in a report. This provision does not affect disclosure of the identities of reporters required by a Federal statute or

regulation to make adverse event reports. Disclosure of the identities of such reporters is governed by the applicable Federal statutes and regulations. 21 C.F.R. § 20.63(f).[2]

This statute apparently precludes the discovery of reports by doctors, device user facilities, patients or the patients' legal counsel; however, one of the three listed exceptions to this regulation permits discovery of identities if, "...both the voluntary reporter and the person identified in an adverse event report or that person's legal representative consent in writing to disclosure." 21 C.F.R. § 20.62(f)(1)(i). For this type of voluntary report, the adverse event reporter[3] and the person identified in the adverse report are treated as the same person. The question then becomes whether the patient has consented in writing merely by making and submitting the report.

The *Medtronic, supra,* opinion states:

> Arkansas Rule of Evidence 503 protects medical records and confidential communications made for the purpose of diagnosis or treatment of a patient's physical condition by a physician. *The patient, here the pacemaker recipient, controls the disclosure of this information. So, if a physician files an MDR with the permission of the patient, the privilege is waived.* If on the other hand, the voluntary report is filed without the patient's knowledge, section 20.63(f) works to protect the patient's privilege while still advancing the substantial healthcare purposes carefully and accurately outlined by the government in its amicus brief to the court. *In re Medtronic,*

2. The exceptions to this subsection of the regulation are as follows: (i) Identities may be disclosed if both the voluntary reporter and the person identified in an adverse event report or that person's legal representative consent in writing to disclosure, but neither the FDA nor any manufacturer in possession of such reports shall be required to seek consent for disclosure from the voluntary reporter or the person identified in the adverse event report or that person's legal representative; (ii) Identities of the voluntary reporter and the

person who experience the reported adverse event may be disclosed pursuant to a court order in the course of medical malpractice litigation involving both parties; or (iii) The report, excluding the identities of any other individuals, shall be disclosed to the person who is the subject of the report on request. 21 C.F.R. 20.63(f)(1).

3. If the adverse event report is the patient's lawyer, she merely serves as a proxy, standing in the patient's shoes.

*Inc.*, 184 F.3d 807, 810 (8th Cir.). (Emphasis added).

■ This discussion is relevant on two levels. First, the Court of Appeals recognizes that it is the patient who controls disclosure of the information. A patient who submits one of these reports, or instructs her lawyer to do so, obviously knows the report is being filed and thereby waives her privilege. If a filing by the physician with the patient's permission waives the privilege, it necessarily follows that a filing by the patient herself would also constitute a waiver. Second, the analysis used by the Eighth Circuit suggests that 21 C.F.R. 30.68(f), in preventing disclosure, only applies if the patient is unaware that a report has been made, thus, could not have waived the physician-patient privilege. Plaintiff has requested, among other things, reports sent with the knowledge of the patient. These reports fit the exception set forth in 21 C.F.R. 30.68(f)(1)(i) and preventing the discovery of these reports would not serve the statute's stated purpose.

■ The second prong of the *Medtronic* decision holds that no discovery is allowed that " ... *requires reliance upon information contained in or gleaned from device user reports within the scope of 21 U.S.C. § 360i(b)(3)."* *In re Medtronic Inc.*, at 810. The statute cited by the Eighth Circuit obligates a doctor and device user facility to file a report when it appears that the medical device in question (here a pacemaker) has caused or contributed to the death, serious injury, or serious illness of any patient of the facility. Although this statute specifically mentions voluntary reports sent by doctors at Section 360i(b)(3)(C), it does not address voluntary reports sent by the patients or their legal representatives.

The latter are discoverable, but only after redaction of reporter and patient iden-

tifying information. "The [FDA's] policy regarding disclosure of voluntarily submitted adverse event reports has been, and continues to be, that such reports are publicly available after deletion of identifying information." 60 Fed.Reg. 16962, 16964 (1995) (Comments to 21 C.F.R. 20.63 (1995)). The names and "any information that would identify the voluntary reporter or any other person associated with an adverse event" will be redacted before the defendant delivers these reports. 21 C.F.R. § 20.63(f). This should prevent client shopping, which is a concern of the defendant and the Court in *Medtronic, supra.*

## REPORTS MADE BY DEVICE USER FACILITIES OR DOCTORS WHEN THERE WAS NO DEATH, SERIOUS HARM, OR SERIOUS ILLNESS CAUSED BY OR CONTRIBUTED TO BY THE PACEMAKER.

■ Under 21 U.S.C. §§ 360i(b)(1)(A) and (B), Device User Facilities (usually hospitals) must provide the manufacturer with a report whenever such a facility receives information which reasonably suggests that one of the manufacturer's class 3 medical devices, such as a pace-maker, has or may have caused or contributed to the death, serious injury, or serious illness of a patient. When a device user facility or a doctor sends these reports even though the pace-maker has not caused serious injury, serious illness, or death, the reports are considered voluntary since they are not mandated by 21 U.S.C. §§ 360i(b)(1)(A) and (B). Once a report is labeled "voluntary" they are non-discoverable under 21 C.F.R. 20.63(f).[4] This regulation clearly prevents discovery of reports sent voluntarily by device user facilities and doctors.

---

**4.** As cited above, this statute reads: "The names and any information that would identify the voluntary reporter or any other person associated with an adverse event involving a human drug, biologic, or medical device

product shall not be disclosed by the Food and Drug Administration or *by a manufacturer in possession of such reports in response to a request, demand, or order ..."* 21 C.F.R. 20.63(f) (emphasis added).

## REPORTS MADE PURSUANT TO 21 U.S.C. §§ 360i(b)(1)(A) and (B)

■ The Court has, to this point, demonstrated that discovery of reports sent by patients or their legal representatives are discoverable in redacted form, and that no discovery can be had of voluntary reports sent in by device user facilities and doctors that were not required to make the reports. The Court will now address whether mandatory reports, made under 21 U.S.C. § 360i(b), are discoverable (as distinguished from "admissible")..

As noted, 21 U.S.C. §§ 360i(b)(1)(A) and (B) require that Device User Facilities (usually hospitals) send the manufacture a report whenever these facilities receive information which reasonably suggests that one of the manufacture's class 3 medical devices, like a pace-maker, has or may have caused or contributed to the death, serious injury, or serious illness of a patient. That same statute also states that these mandatory reports, "shall not be admissible into evidence or otherwise used in any civil action involving private parties...." 21 U.S.C. § 360i(b)(3). The question is whether the phrase "or otherwise used in any civil action" precludes discovery of these mandatory reports, or is only use of the reports as evidence in civil actions barred?

To begin to answer this question, one must understand the underlying policy of the statute's language. One of the stated goals of the Food, Drug and Cosmetic Act, which encompasses 21 U.S.C. § 360i, is to prevent the use of certain medical files in civil actions. The theory is this policy encourages doctors to make voluntary reports because the voluntary reports can be made without fear that the information will be used against the doctors or the facilities for which they work. The Court notes, however, that this policy is not furthered by preventing discovery of mandatory reports. These reports have to be made. Barring discovery, or even use in trial, would not encourage or discourage any actions by the doctors or device user facilities. The questions must be asked: What policy is promoted by preventing the use of these reports in civil actions when the device has caused or contributed to the death, serious injury, or serious illness of a patient? What policy is promoted by preventing discovery of these mandatory reports when redaction of the patients' names and the names of the reporters will prevent client shopping?

The statute provides that mandatory reports are not "admissible into evidence or otherwise used in any civil action between private parties..." 21 U.S.C. § 360i(b)(3). The Court is aware of only five other statutes in the entire United States Code which contain this type of limiting language.[5] The Court believes it has reviewed every case, both federal and state, where these five statutes are cited and has not found a single case where a court has prevented *discovery* based upon this type of language.[6]

---

**5.** (1) 49 U.S.C.A. § 504(f) reads: "...No part of a report ... may be admitted into evidence or used in a civil action for damages..."; (2) 49 U.S.C.A. § 1154(a)(5)(b) reads: "No part of a report...may be admitted into evidence or used in a civil action for damages..."; (3) 49 U.S.C.A. § 20703(c) reads: "...No part of a report may be admitted into evidence or used in a civil action for damages..."; (4) 49 U.S.C.A. § 20903 reads: "No part of an accident or incident report...may be used in a civil action for damages..."; and (5) 49 U.S.C.A. 47507 reads: "No part of an exposure map or related information...may be admitted into evidence or used for any other purpose in a civil action..."

**6.** 45 U.S.C. § 41 is no longer part of the U.S.Code, but this statute had language very similar to that found in 21 U.S.C. 360i(b)(3). In *Kitts v. Norfolk and Western Railway Company*, 152 F.R.D. 78 (S.D. West Virginia 1993), the Court addressed this former statute by stating: "While this statutory provision has very clear implications for the admissibility of evidence at trial, this Court concluded a number of years ago in *Vance v. Chesapeake and Ohio Railway Company*, (cite omitted), that section 41 does not shield information or documents from discovery. Nothing contained in the decisions since entry of this memorandum order provides any basis for departing from its reasoning...."

The limitation created by the language in these statutes may be somewhat analogous to the restrictions placed upon the introduction into evidence of insurance policies, some administrative decisions, and documents that reflect criminal offenses which did not result either conviction or guilty plea. This type of evidence is generally not admissible in civil actions, but is, nonetheless, subject to discovery.

In *Medtronic, supra,* the Court, however, has interpreted "otherwise used in any civil action" broadly to prohibit all discovery which "requires reliance upon information contained in or gleaned from device user reports within the scope of 21 U.S.C. § 360i(b)(3)." *In re Medtronic, Inc.,* at 810. The breadth of that holding bars not only the use of these mandatory reports in the trial itself, but precludes discovery. It might be argued that this holding runs counter to the FDA's own statement that section 360i(b)(3) is not "sufficient to prevent manufactures from being compelled to release the reporters' or patients' identities pursuant to a discovery order," but this Court is bound by *Medtronic.* 19 Am.J.Trial.Advoc. 265, 268 (1995) (citing 59 .Fed.Reg.3944, 3936 (1994)). That being so, the mandatory reports made pursuant to 21 U.S.C. §§ 360i(b)(1)(a) and (b) are non-discoverable whether in redacted form or otherwise.

### CONCLUSION

Voluntary reports submitted by the patients or their legal representatives do not fall within the scope of 21 C.F.R. 30.62(f); 21 U.S.C. § 360i(b)(3); or the Eighth Circuit's holding. These reports *are* discoverable, and must be produced by the defendant.

Non-mandatory reports or complaints submitted by physicians or device user facilities who were not obligated to make the reports, but did so nonetheless, are *not* discoverable because they fall squarely within the prohibitions of 21 U.S.C. § 360i(b)(3), 21 C.F.R. 20.63(f), and of the Eighth Circuit's holding in *Medtronic.*

The Court is skeptical of much of the FDA's alleged concern for patient privacy. How much patient unrest would result if a patient were contacted by the manufacture of pacemaker, especially when contact is court ordered and carefully circumscribed? Does the FDA assume that medical device users will refuse to make mandatory reports if they fear these reports might be subject to discovery? This view is both speculative and jaundiced. Be all this as it may, the FDA and the Eighth Circuit have spoken. Reports created under the 21 U.S.C. § 360i(b)(1)(A) or (B) are not discoverable.